UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:09CR15-V

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ROBERTO EZEQUEL VILLARREAL-MEZA, ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on Defendant's "Notice Of Appeal Of Final Sentence," filed November 14, 2011. (Document #186)

Defendant seeks to appeal the sentence imposed in his case, which he contends is unreasonable and in violation of law. Defendant first indicated to the Court his desire to appeal in his November 14, 2011 filing, postmarked November 9, 2011 from FCI Lubbock, Texas. Defendant's Notice of Appeal will be treated as having been filed as of the postmark date. *See* Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); FED. R. APP. P. 4(c)(1).

Rule 4(b)(1)(A) requires that a defendant in a criminal case file a notice of appeal in the district court "within 14 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal." FED. R. APP. P. 4(b)(1)(A)(2011). Because the government has not filed a notice of appeal in this case, Defendant's notice of appeal was due within 14 days of the entry of Judgment. *See* FED. R. APP. P. 4(b)(6) ("A judgment or order is entered for purposes of this Rule 4(b) when it is entered on the criminal docket."). Judgment was entered on the criminal docket on May 5, 2011, making Defendant's notice of appeal due May 20, 2011.[1]

Rule 4(b)(4) permits the Court "[u]pon a finding of excusable neglect or good cause . . . – before or after the time has expired, with or without motion and notice – [to] extend the time to file

---

[1] Pursuant to Federal Rule of Appellate Procedure 26(a), the date that the notice of appeal was due was calculated by *excluding* the day of the act that began the period (May 5, 2011) and *including* all intermediate Saturdays, Sundays, and legal holidays unless the final day of the period falls on a weekend or legal holiday. *See* FED. R. APP. P. 26(a)(A)-(C)(2011). Defendant's notice of appeal was due Friday, May 20, 2011.

a notice of appeal <u>for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)</u>." However, the Court may not otherwise extend the time for filing a notice of appeal. *See* <u>United States v. Reyes</u>, 759 F.2d 351, 353 (4th Cir. 1985); <u>United States v. Schuchardt</u>, 685 F.2d 901, 902 (4th Cir. 1982).

Applying Rule 4(b)(4) to the instant case, Monday, June 20, 2011, would have been the thirtieth day following May 20, 2011, the expiration of time for filing a notice of appeal. Because Defendant's original Notice of Appeal is deemed filed nearly five (5) months *after* expiration of the subsequent "excusable neglect - good cause" period, the Court lacks the authority to grant an extension of time.[2] *See* Fed. R. App. P. 26(b)(1); <u>United States v. Raynor</u>, 939 F.2d 191, 197 (4th Cir. 1991).

For these reasons, the Court finds Defendant's Notice of Appeal untimely.

**IT IS, THEREFORE, ORDERED** that Defendant's Notice of Appeal is untimely and to the extent Defendant seeks leave to pursue an out-of-time appeal, the motion is **DENIED.**

**IT IS FURTHER ORDERED** that the Deputy Clerk shall forward a copy of this Order to the Fourth Circuit Court of Appeals.

Signed: December 15, 2011

Richard L. Voorhees
United States District Judge

---

[2] Rule 26(b) reiterates this rule:

"For good cause shown, the court may extend the time prescribed by these rules or by its order to perform any act, or may permit an act to be done after that time expires. But the court may <u>not</u> extend the time to file:
    (1) a notice of appeal (except as authorized in Rule 4) or a petition for permission to appeal . . ."